**Roohullah KHAN, Plaintiff,**

v.

**Doris M. MEISSNER, et al., Defendants.**

**Civil Action No. 94–1660 (HHG).**

United States District Court, District of Columbia.

June 20, 1995.

John Linarelli, Braverman & Linarelli, Arlington, VA, for plaintiff.

Assistant U.S. Atty. Kimberly N. Tarver, Washington, D.C., for defendants.

## ORDER

HAROLD H. GREENE, District Judge.

This action is currently before the Court on defendants' Motion to Dismiss. Upon consideration of the motion, the opposition, and the reply, and the entire record in the case, defendants' motion will be granted.

### I

Plaintiff filed the instant action seeking review of a decision by the Immigration and Naturalization Service ("INS") which terminated his temporary resident status and precluded him from attaining permanent resident status. Plaintiff had previously been adjusted to temporary resident status under the Special Agricultural Workers program ("SAW"), 8 U.S.C. § 1160, but his status was terminated upon a finding of fraud in the procurement of that status. The plaintiff appealed this decision through administrative channels, but the decision was upheld. Plaintiff now seeks review of the decision here.

Defendants have moved to dismiss the action, however, arguing that this Court does not have subject matter jurisdiction over the matter. In support of this argument, defendants point to Section 210 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1160. That section established the SAW program and set forth the guidelines for its administration.

In particular, defendants rely on Subsection (e) of Section 210, the subsection which governs administrative and judicial review of decisions made under the SAW program. That subsection sets forth the general rule that

> [t]here shall be no administrative or judicial review of a determination respecting an application for adjustment of status under this section except in accordance with this subsection.

8 U.S.C. § 1160(e)(1). A later provision in that subsection then explains when judicial review is available. That provision allows judicial review only when an order of exclusion or deportation is being appealed. 8 U.S.C. § 1160(e)(3)(A). Defendants argue that these two provisions, read together, foreclose judicial review in a case like this one where there has been no order of exclusion or deportation.

Plaintiff takes a different view. He argues that a termination of temporary resident status is not covered by any provision in Subsection (e) and that neither the general rule of (e)(1) nor the exception set forth in (e)(3)(A) are applicable to the case at bar. Plaintiff therefore concludes that there is no bar to judicial review of this case. Plaintiff then makes a number of policy arguments about why judicial review is necessary in this case.

### II

The first question that this Court must answer, therefore, is whether the provisions

of Subsection (e) of Section 210 are applicable to this case. For if they are, plaintiff's suit is clearly barred since it is not an appeal of an exclusion or deportation order.

The central question is whether a termination of temporary resident status is a "determination respecting an application for adjustment of status" covered by Subsection (e). Plaintiffs make a number of complex arguments as to why it is not, but the Court finds that both common sense and statutory language compel the conclusion that it is.

First, as a matter of common sense, it seems clear that the decision to terminate the plaintiff's temporary resident status was a "determination respecting an application for adjustment of status" because the decision to terminate was based on a finding that he procured this status by fraud. Specifically, the INS decided to terminate the plaintiff's temporary resident status because an individual who had helped the plaintiff prepare his initial application later indicated that he had engaged in fraud in preparing that application. The INS's decision to terminate plaintiff's status was therefore based on a determination that his application was based on fraud and should not have been granted. It would strain common sense to conclude that this was not a "determination respecting an application for adjustment of status."

This common sense conclusion is further buttressed by the language of the statute itself. In a separate subsection of Section 210, the drafters made clear that decisions to terminate temporary resident status should be considered "determinations respecting applications." Subsection (b)(6) of Section 210, a subsection which establishes confidentiality rules, prohibits the government from using any information furnished in an application for any purpose "other than to make a determination on the application including a determination under subparagraph (a)(3)(B)." 8 U.S.C. § 1160(b)(6). Subparagraph (a)(3)(B) is, of course, the provision entitled "Termination of Temporary Residence." The confi-

dentiality provision therefore makes clear that decisions to terminate temporary resident status were meant to be included in the broader category of "determinations respecting an application."

Given all of this, the Court has concluded that the decision to terminate the plaintiff's temporary resident status is covered by the general rule of Subsection (e) of Section 210 of the INA. Therefore, the only way that plaintiff can seek judicial review is under the specific judicial review provision, Subsection (e)(3)(A), and everyone agrees that plaintiff does not fall under this exception.[1] Everyone therefore agrees that plaintiff cannot seek judicial review under the authority of this provision. Because this is the only avenue for review left open by Section 210 of the INA, and plaintiff clearly cannot avail himself of it, plaintiff cannot seek judicial review at this time.

The Court does note, however, that this ruling does not foreclose all possibility of review. Plaintiff will still have his "day in court"; he simply has to wait until later. Congress gave him an avenue of review, but deferred it until an order of deportation or exclusion has been issued. This may seem draconian to plaintiff and others similarly situated, but this Court cannot remedy that problem. By establishing the general rule that "there shall be no ... judicial review ... except in accordance with" Subsection (e), Congress indicated its clear intent to severely limit judicial review. This Court is bound by that limitation, notwithstanding plaintiff's moving arguments to the contrary.

Given the plain language of the statute, this Court cannot assert jurisdiction over the claim, and the case must be dismissed.

### III

Accordingly, it is this 20th day of June, 1995,

---

1. The parties have different views about why plaintiff's case does not fall under this exception. Defendants argue that plaintiff's case is not covered by this provision because it is not an appeal of a deportation or exclusion order. Plaintiff, on the other hand, argues that his case is not cov-

ered by this provision because it does not involve a "denial" of an application. This Court need not decide which of these arguments is correct because the basic issue is undisputed—all parties agree that plaintiff's case does not fall into the category of cases covered by this provision.

ORDERED that defendants' motion to dismiss be and it is hereby GRANTED; and it is further

ORDERED that the case be and it is hereby dismissed.